## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOSEPH COURTNEY**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 13-6209**

**HILTON WORLDWIDE, INC.**                      **SECTION: "G"(3)**

### ORDER & REASONS

Plaintiff Joseph Courtney originally filed this action in state court. Defendant Hilton Worldwide, Inc. ("Hilton") removed the matter to this Court on October 31, 2013, alleging diversity jurisdiction as the sole basis for removal.[1]

Upon review of this matter in preparation for the pretrial conference, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. As the Fifth Circuit has explained, even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[2] "[S]ubject matter delineations must be policed by the courts on their own initiative."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

On February 6, 2014, following the guidance provided by the Fifth Circuit in *Allen v. R&H Oil & Gas Co.*,[5] the Court ordered that the parties submit summary-judgment-type evidence

---

[1] Rec. Doc. 1.

[2] *Simon v . Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[3] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[4] 28 U.S.C. § 1447(c).

[5] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("In situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal.").

regarding the amount in controversy at the time of removal.[6] Defendant filed memoranda regarding the amount in controversy on February 17, 2014.[7] For the reasons that follow, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court remands this matter to state court.

## I. Background

Plaintiff Joseph Courtney originally filed this action in state court. Defendant Hilton removed the matter to this Court on October 21, 2013, alleging diversity jurisdiction as the sole basis for removal.[8]

At the time of removal of this matter on October 21, 2013, Courtney had been undergoing medical treatment since the date of the accident, December 12, 2012. At that time, Courtney had incurred $16,453.20 in medical expenses.

In addition to medical bills, Courtney seeks to recover for past, present, and future pain and suffering, medical expenses, mental anguish, and loss of enjoyment of life.[9] Courtney has not stipulated and his Petition for Damages does not aver that damages exceed $75,000.00, exclusive of interest and costs.[10] In his Petition, Courtney did allege that damages were in excess of $50,000.00, exclusive of interest and costs, as required by the Louisiana Code of Civil Procedure in order to preserve his right to trial by jury.[11]

---

[6] Rec. Doc. 17.

[7] Rec. Doc. 18.

[8] Rec. Doc. 1.

[9] Rec. Doc. 1-2 at ¶ 5.

[10] Rec. Doc. 18 at 2.

[11] Rec. Doc. 1-1 at ¶ 6.

Hilton avers that "at the time of removal, Hilton had reason to anticipate that the amount in controversy exceeded $75,000."[12] Hilton bases "its grounds for removal upon the allegations set forth in the Petition . . ., the representations of plaintiff's [sic] counsel as to damages, the refusal of Plaintiff's counsel to stipulate that the amount in controversy was less than $75,000 and certain medical records available to Hilton."[13]

## II. Law and Analysis

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[14] The removing party bears the burden of demonstrating that federal jurisdiction exists.[15] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[16] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and remand the case.[17]

### B. Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in

---

[12] Rec. Doc. 18 at 1.

[13] *Id.*

[14] *See* 28 U.S.C. § 1441(a).

[15] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[16] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[17] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 868, 872 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."; *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[18] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[19] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[20] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[21] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[22] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[23] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[24] The defendant must do more than point to a state law that might allow the plaintiff to recover more than

---

[18] *See Allen*, 63 F.3d at 1335.

[19] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[20] *Id.*

[21] *See* La. Code Civ. Proc. art. 893 (West 2012).

[22] *Id.*

[23] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[24] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[25] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[26]

## C. Analysis

In its Memorandum in Support of Amount in Controversy, Hilton argues that "the facts are sufficient to set forth that Hilton had a good faith basis to anticipate that this proceeding concerned an amount in controversy in excess than $75,000, exclusive of interest and costs."[27] In asserting that the amount of Courtney's claims exceeds $75,000, Hilton points to Courtney's medical records and bills.[28] Moreover, Hilton relies on Courtney's failure to stipulate that the claim does not exceed $75,000 as proof that the amount in controversy meets the jurisdictional threshold.[29]

In its earlier Order that the parties submit summary-judgment-type,[30] the Court relied on the Fifth Circuit's pronouncement in *Allen v. R&H Oil & Gas Co.* that "[i]n situations where the facially apparent test is not met, the district court can then require parties to submit summary-judgment-type evidence . . ."[31] The Court at the time of the Order was not satisfied that the amount in controversy was facially apparent.[32] Accordingly, the Court ordered the parties to furnish

---

[25] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[26] *Allen*, F.3d at 1335.

[27] Rec. Doc. 18 at 4.

[28] *Id.*

[29] *Id.* at 1.

[30] Rec. Doc. 17.

[31] *Allen*, F.3d at 1336.

[32] Rec. Doc. 11 at 4.

summary-judgment-type evidence.[33] The Court sees no reason why the amount in controversy is anymore apparent today than it was then, even accounting for Hilton's arguments.

On their own, Courtney's medical records and bills prove an amount in controversy below $75,000. As for Hilton's argument that a plaintiff's failure to stipulate that damages are $75,000 or less establishes federal jurisdiction, Hilton cites no case law and the Court is not aware of any, at least in this Circuit, that supports such a proposition.[34]

Finally, while Courtney seeks recovery for pain and suffering, mental anguish, and loss of enjoyment of life in addition to medical expenses, he puts forth no evidence as to what amount that could be, making Defendant's position that the total would exceed $75,000 with medical expenses highly speculative.

In showing the amount in controversy has been met in this case, the burden is on Hilton to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Hilton, however, has put forth no specific facts nor pointed to any cases that would indicate by a preponderance of the evidence that Courtney's claim, if proven, would be worth an

---

[33] *Id.*

[34] The case that comes closest to standing for that proposition is an unpublished opinion, *Treadway v. State Farm Mut. Auto. Ins. Co.* No. 11-2965, 2012 U.S. Dist. LEXIS 8536, at *5 (E.D. La. 2012) (Feldman, J.) ("[A] plaintiff wishing to prevent removal must affirmatively renounce the right to accept a judgment in excess of $75,000 in its state court pleadings or a stipulation filed with the complaint."). Standing alone, that may sound indicative of Defendant's proposition. However, the Court affirmed the general rule that a defendant must prove the jurisdictional minimum by a preponderance of the evidence. *Id.* ("[Defendant] has proved by a preponderance of the evidence that the damages in this case could exceed $75,000.").

To the contrary, the case law in this District expressly states that a failure to stipulate that damages do not exceed $75,000 alone does not establish federal jurisdiction. *See, e.g.*, *Roberts v. McCarter*, No. 11-2896, 2012 U.S. Dist. LEXIS 25139, at *3 (E.D. La. Feb. 28, 2012) (Berrigan, J.) ("The defendants argue that the plaintiff has admitted that the amount in controversy existed at the time of removal and refuses to stipulate otherwise. However, absent some proof supporting that admission, federal jurisdiction would be based, at best, on speculation or consent, neither of which is allowed."); *Riley v. S. Fid. Ins. Co.*, No. 11-1482, 2011 U.S. Dist. LEXIS 90184, at *7, 14 (E.D. La. Aug. 12, 2011) (Africk, J.) (rejecting defendant's assertion that failure to stipulate that value of claim was less than $75,000 establishes federal jurisdiction); *Meza v. Best W. Int'l, Inc.*, No 10-2623, 2010 U.S. Dist. LEXIS 136350 (E.D. La. Dec. 8, 2010) (Engelhardt, J.), at *5–6, n. 3 ("[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden . . . .").

amount in excess of $75,000.

Considering all of the evidence of the amount in controversy at the time of removal, Hilton has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III. Conclusion

For the foregoing reasons, the Court finds that Defendant had not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to state court.

**NEW ORLEANS, LOUISIANA**, this  29th day of April, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

7